UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LAKE BISTINEAU ROYALTY            CIVIL ACTION NO. 15-00414
COMPANY, L.L.C.

VERSUS                            JUDGE S. MAURICE HICKS, JR.

CHESAPEAKE LOUISIANA, L.P.,
CHESAPEAKE OPERATING, L.L.C.,     MAGISTRATE MARK L. HORNSBY
JAMESTOWN RESOURCES, L.L.C.,
FREEPORT-MCMORAN OIL & GAS, LLC,
and PXP LOUISIANA L.L.C.

JAMESTOWN RESOURCES, L.L.C.'S ANSWER TO COMPLAINT FILED BY
PLAINTIFF LAKE BISTINEAU ROYALTY COMPANY, L.L.C.

Defendant Jamestown Resources, L.L.C. ("Jamestown") responds to the Complaint (*ECF No. 1*) filed by Plaintiff Lake Bistineau Royalty Company, L.L.C. ("Plaintiff") as follows:

I. Response to specific allegations

Jamestown denies all allegations of the Complaint, except as specifically admitted below.

In response to the material allegations of the Complaint, Jamestown answers as follows:

1. Jamestown denies the allegations contained in paragraph 1 for lack of information sufficient to justify a belief therein

2. The allegations contained in paragraph 2, including subparts (a), (b), (d), and (e), do not concern Jamestown and therefore do not require an answer.  In the event that a response is required, the allegations of the aforementioned subparts are denied for lack of information sufficient to justify a belief therein.  Jamestown admits the allegations contained in subpart (c) of paragraph 2.

3. The allegations contained in paragraph 3 constitute legal conclusions and therefore do not require a response from Jamestown.  In the event that a response is required,

Jamestown denies the allegations contained in paragraph 3 for lack of information sufficient to justify a belief therein

4. Jamestown denies the allegations contained in paragraph 4 for lack of information sufficient to justify a belief therein.

5. Jamestown denies the allegations contained in paragraph 5 for lack of information sufficient to justify a belief therein.

6. Jamestown denies the allegations contained in paragraph 6 for lack of information sufficient to justify a belief therein.

7. Jamestown denies the allegations contained in paragraph 7 for lack of information sufficient to justify a belief therein.

8. Jamestown denies the allegations contained in paragraph 8 for lack of information sufficient to justify a belief therein.

9. Jamestown denies the allegations contained in paragraph 9 for lack of information sufficient to justify a belief therein.  Further, as a written document, the "LBRC Lease" speaks for itself and is the best evidence of its contents.

10. Jamestown denies the allegations contained in subparts (a) and (c) of paragraph 10 for lack of information sufficient to justify a belief therein.  Jamestown admits the allegations contained in subpart (b) to paragraph 10.  Upon information and belief, Chesapeake Operating, L.L.C. administers the royalties for Jamestown's leasehold interests.[1]  Jamestown denies the remaining allegations contained in paragraph 10 concerning Freeport-McMoRan Oil & Gas, LLC, PXP Louisiana L.L.C., and Chesapeake Operating, L.L.C. for lack of information sufficient to justify a belief therein.

---

[1] *See* The Chesapeake Defendants' Answer at ¶ 10 (*ECF No. 11*).

11. The LBRC Lease and any orders of the Louisiana Commissioner of Conservation establishing drilling units encompassing acreage covered by the LBRC Lease, as written documents, are the best evidence of their contents.  Jamestown denies the allegations contained in paragraph 11 to the extent such allegations are inconsistent with the LBRC Lease and referenced orders.

12. Jamestown admits on information and belief that Chesapeake Operating, L.L.C. is recognized by the State of Louisiana as the operator of the six wells identified in paragraph 12, but otherwise denies the allegations contained in paragraph 12 as written for lack of information sufficient to justify a belief therein.

13. Jamestown admits on information and belief that BHP Billiton Petro (TXLA Operating) Co. is recognized by the State of Louisiana as the operator of the two wells identified in paragraph 13, but otherwise denies the allegations contained in paragraph 13 for lack of information sufficient to justify a belief therein.

14. Jamestown denies the allegations contained in paragraph 14 pertaining to Jamestown and denies the remaining allegations contained in paragraph 14 for lack of information sufficient to justify a belief therein.

15. Jamestown denies the allegations contained in paragraph 15 pertaining to Jamestown and denies the remaining allegations contained in paragraph 15 for lack of information sufficient to justify a belief therein.

16. The allegations contained in paragraph 16 state legal conclusions and therefore do not require a response.  In the event a response is required, Jamestown denies the allegations contained in paragraph 16 pertaining to Jamestown and denies the

remaining allegations contained in paragraph 16 for lack of information sufficient to justify a belief therein.

17. The allegations contained in paragraph 17 state legal conclusions and therefore do not require a response.   In the event a response is required, Jamestown denies the allegations contained in paragraph 17 pertaining to Jamestown, including subparts (a)-(g) and all associated legal conclusions, and denies the remaining allegations contained in paragraph 17 for lack of information sufficient to justify a belief therein.

18. Jamestown denies the allegations contained in paragraph 18, including subparts (a)-(d), for lack of information sufficient to justify a belief therein.

19. Jamestown denies the allegations contained in paragraph 19 for lack of information sufficient to justify a belief therein.

20. Jamestown denies the allegations contained in paragraph 20 for lack of information sufficient to justify a belief therein.

21. The allegations contained in paragraph 21 state legal conclusions and therefore do not require a response.   In the event a response is required, Jamestown denies the allegations contained in paragraph 21 pertaining to Jamestown and denies the remaining allegations contained in paragraph 21 for lack of sufficient information to justify a belief therein.

22. Jamestown admits that it received a letter from Plaintiff's representative captioned "Demand for Royalty Recalculation and Payment."  As a written document, the letter is the best evidence of its contents.  Jamestown denies all other allegations contained in paragraph 22 for lack of information sufficient to justify a belief therein.

23. The allegations contained in paragraph 23 state legal conclusions and therefore do not require a response. Moreover, the allegations contained in paragraph 23 reference a written document, which is the best of its contents. To the extent a further response is required, Jamestown denies the allegations and associated legal conclusions contained in paragraph 23 pertaining to Jamestown and denies the remaining allegations contained in paragraph 23 for lack of sufficient information to justify a belief therein.

24. The allegations contained in paragraph 24 do not pertain to Jamestown and therefore do not require a response. In the event that a response is required, Jamestown denies the allegations contained in paragraph 24 for lack of information sufficient to justify a belief therein.

25. The allegations contained in paragraph 25 do not pertain to Jamestown and therefore do not require a response. In the event that a response is required, Jamestown denies the allegations contained in paragraph 25 for lack of information sufficient to justify a belief therein. Further, as a written document "Chesapeake Energy's" "response to the Notice Letter" speaks for itself and is the best evidence of its contents.

26. The allegations contained in paragraph 26 do not pertain to Jamestown and therefore do not require a response. Moreover, to the extent that these allegations constitute legal conclusions regarding whether Defendants "acknowledged" that they "were treating [Plaintiff] differently than other royalty owners" no response is required. In the event that a response is required, Jamestown denies the allegations contained in paragraph 26 pertaining to Jamestown and denies the remaining allegations for lack of sufficient information to justify a belief therein. Jamestown also specifically denies any allegation that it is in breach of the LBRC Lease.

27. The allegations contained in paragraph 27 do not pertain to Jamestown and also constitute a legal conclusion and therefore do not require a response from Jamestown. In the event that a response is required, Jamestown denies these allegations for lack of information sufficient to justify a belief therein.

28. The allegations contained in paragraph 28 do not pertain to Jamestown and therefore do not require a response. Further, as written documents, FMOG and PXP responses to the Notice Letters speak for themselves and are the best evidence of their contents. In the event that a response is required, Jamestown denies the allegations for lack of information sufficient to justify a belief therein.

29. The allegations contained in paragraph 29 constitute legal conclusions and therefore do not require a response. In the event that a response is required, Jamestown denies the allegations contained in paragraph 29 pertaining to Jamestown and denies the remaining allegations contained in paragraph 29 for lack of information sufficient to justify a belief therein.

30. The allegations contained in paragraph 30 constitute legal conclusions and therefore do not require a response. In the event that a response is required, Jamestown denies the allegations contained in paragraph 30 pertaining to Jamestown and denies the remaining allegations contained in paragraph 30 for lack of information sufficient to justify a belief therein.

31. The allegations contained in paragraph 31 constitute legal conclusions and therefore do not require a response. In the event that a response is required, Jamestown denies the allegations contained in paragraph 31 pertaining to Jamestown and denies the

remaining allegations contained in paragraph 31 for lack of information sufficient to justify a belief therein.

32. The allegations contained in paragraph 32 constitute legal conclusions and therefore do not require a response.  In the event that a response is required, Jamestown denies the allegations contained in paragraph 32 pertaining to Jamestown and denies the remaining allegations contained in paragraph 32 for lack of information sufficient to justify a belief therein.

33. The allegations contained in paragraph 33 constitute legal conclusions and therefore do not require a response.  In the event that a response is required, Jamestown denies the allegations contained in paragraph 33 pertaining to Jamestown and denies the remaining allegations contained in paragraph 33 for lack of information sufficient to justify a belief therein.

34. The allegations contained in paragraph 34 constitute legal conclusions and therefore do not require a response.  In the event that a response is required, Jamestown denies the allegations contained in paragraph 34 pertaining to Jamestown, including without limitation that Jamestown has breached the terms of the LRBC Lease.  Jamestown further avers that Plaintiff is not entitled to any of the relief it requests from Jamestown.  Jamestown denies the remaining allegations contained in paragraph 34 for lack of information sufficient to justify a belief therein.

35. The allegations contained in paragraph 35, including subparts (a)-(f), constitute legal conclusions and therefore do not require a response.  In the event that a response is required, Jamestown denies the allegations contained in paragraph 35 pertaining to Jamestown and further avers that Plaintiff is not entitled to any of the relief it requests

from Jamestown.  Jamestown denies the remaining allegations contained in paragraph 35 for lack of information sufficient to justify a belief therein.

## II. Additional defenses, affirmative defenses, and assertions

Additionally and alternatively, Jamestown asserts each of the following defenses, affirmative defenses, and assertions:

1. The Complaint fails to state a claim upon which relief can be granted against Jamestown.

2. Some or all of Plaintiff's claims have prescribed.

3. Jamestown pleads the public-records doctrine.  Plaintiff's rights under the LRBC Lease are unaffected by any unrecorded agreements that Plaintiff may have relating to these royalty interests.

4. Plaintiff's claims fail in whole or part due to accord and satisfaction, estoppel, laches, payment, release and/or waiver.

5. Plaintiff failed to give proper and adequate written notice prior to filing suit against Jamestown.

6. Jamestown has acted reasonably and in good faith at all times.

7. Jamestown has complied with all applicable laws and regulations.

8. Plaintiff has failed to mitigate its damages, if any.

9. Plaintiff has suffered no damages proximately caused by Jamestown.

10. Jamestown adopts and incorporates the defenses asserted by the parties hereto who paid royalties under the LBRC Lease on behalf of Jamestown.

11. Jamestown reserves the right to assert any additional defense that may be discovered during the course of additional investigation and discovery.

Respectfully submitted,

**GORDON, ARATA, MCCOLLAM,**
  **DUPLANTIS & EAGAN, LLC**

By:  /s/ Scott A. O'Connor
Scott A. O'Connor (La. Bar No. 19723), TA
Dana E. Dupre (La. Bar No. 31143)
Alex B. Rothenberg (La. Bar No. 34740)
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Telephone: (504) 582-1111
Email: soconnor@gordonarata.com
Email: ddupre@gordonarata.com
Email: arothenberg@gordonarata.com

**Attorneys for Jamestown Resources,**
**L.L.C.**

## CERTIFICATE OF SERVICE

I certify that on April 7, 2015, I electronically filed the foregoing with the clerk of court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

**/s/ Scott A. O'Connor**
Scott A. O'Connor (19723)