UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LAKE BISTINEAU ROYALTY CO., LLC         CIVIL ACTION NO. 15-cv-0414

VERSUS                                  JUDGE HICKS

CHESAPEAKE LOUISIANA, LP, ET AL         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Lake Bistineau Royalty Co., LLC ("Plaintiff") filed this civil action against five defendants who are either limited partnerships or limited liability companies. The complaint relies upon diversity jurisdiction, which places the burden on Plaintiff to set forth the facts sufficient to establish that there is complete diversity of citizenship.

Plaintiff alleged in its complaint that it is a limited liability company whose members are citizens of Louisiana, California, Vermont, and Arizona. Plaintiff then filed under seal a document (Doc. 8) in which it set forth with specificity the identity of the various members and states in which they are citizens. Plaintiff's allegations were necessary because the citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009).

Plaintiff did not provide such detail with respect to the citizenship of the five defendants. The complaint alleges the states in which the entities are organized, where they have their principal places of business, or where they are registered to do business, but none of those facts are relevant to the citizenship of an LLC or limited partnership.

It is understandable that Plaintiff did not allege the details of the membership/partners of the defendant entities because such information is not usually in the public record. It is beneficial in such cases if the entity-defendant will provide the necessary information in its answer or other filing so the preliminary issue of diversity can be resolved efficiently. But it does not appear that any of the defendants provided all necessary information about themselves in either their answer or corporate disclosure statements.

**Chesapeake Louisiana, LP** did state in its corporate disclosure statement that its general partner is fellow defendant **Chesapeake Operating, LLC**, and its limited partner is Chesapeake Energy Louisiana Corporation. Chesapeake Energy Louisiana Corporation is said to be a corporation organized under the laws of Oklahoma, but the disclosure statement

does not set forth the corporation's principal place of business as required by 28 U.S.C. § 1332 and as defined in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). Chesapeake Operating, LLC is alleged to have a single member, Chesapeake Energy Corporation, which is organized under Oklahoma law. The statement does not allege the state in which Chesapeake Energy Corporation has its principal place of business.

It does not appear that **Jamestown Resources, LLC** included citizenship information in its answer. Its corporate disclosure statement alleges that its two members are Aubrey K. McClendon and Kathleen B. McClendon, but the statement does not allege the state in which those two persons are domiciled.

**Freeport McMoran Oil & Gas, LLC** and **PXP Louisiana, LLC** recently filed a joint answer. It does not appear to set forth the citizenship information with respect to either of those entities.

Counsel for Defendants are directed to provide counsel for Plaintiff, by **April 17, 2015**, with detailed citizenship information for each entity they represent. Plaintiff is directed to file by **April 24, 2015** a document that sets forth with specificity the citizenship of each defendant. This information is necessary to ensure the court has subject-matter jurisdiction and that neither the court nor the parties are wasting time proceeding with this case in federal court. Counsel are asked to avoid the need for such procedures in future diversity cases by setting forth with specificity the citizenship of their clients in the complaint, answer, or other early filing. Orders such as this should not be necessary;

...

litigation involving LLCs and partnerships has long been commonplace, and the law regarding their citizenship is well settled.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge