UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAKE BISTINEAU ROYALTY CO., LLC | CIVIL ACTION NO. 15-cv-0414 |
| VERSUS | JUDGE HICKS |
| CHESAPEAKE LOUISIANA, LP, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Lake Bistineau Royalty Co., LLC ("Plaintiff") filed this civil action against five defendants who are either limited partnerships or limited liability companies. Plaintiff alleges that the defendants miscalculated royalties and improperly deducted costs in connection with production from natural gas wells. The complaint relies upon diversity jurisdiction.

There is one potential obstacle to complete diversity. One of the defendants is an Arizona citizen, and one member of the plaintiff LLC is a trust whose trustee is a citizen of Louisiana and whose beneficiary is a citizen of Arizona. Diversity would be destroyed if the LLC is considered to have the Arizona citizenship of the trust's beneficiary.

The parties were granted an opportunity to brief the uncertain issue of how to determine the citizenship of a trust for purposes of diversity jurisdiction. There is a three-way circuit split on how to make the determination, and there is authority for a fourth method. The Fifth Circuit has stated that the "citizenship of a trust is that of its trustee," but

some district courts have also looked to the citizenship of beneficiaries. For the reasons that follow, it is recommended that this court find that (1) the trustee-only rule is applicable to the trust in this case and (2) diversity jurisdiction exists.

**Relevant Facts**

The citizenship of a limited liability company ("LLC") such as Plaintiff is that of all its members. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiff alleged in its complaint that it is an LLC whose members are citizens of Louisiana, California, Vermont, and Arizona. Plaintiff then filed under seal a document (Doc. 8) in which it set forth with specificity the identity of the various members and states in which they are citizens. One member of Plaintiff is a trust whose trustee is an individual domiciled in Louisiana and whose single beneficiary is an individual domiciled in *Arizona*.

The court directed the filing of a document that set forth with detail the membership in the defendant entities. That filing (Doc. 24) represents that one of the defendants is PXP Louisiana, LLC. PXP is an LLC whose sole member is another LLC. That LLC has a single member, which is another LLC. The only member of the final LLC is FCX Oil & Gas, Inc., a corporation organized under Delaware law with its principal place of business in Arizona. The filings thus indicate that defendant PXP Louisiana, LLC is a citizen of Delaware and *Arizona*.

**Analysis**

Is Plaintiff a citizen of Arizona? The answer depends on whether its trust member is considered a citizen of the state in which the trust's beneficiary is a citizen. Most discussions

of this issue begin with Navarro Savings Association v. Lee, 100 S.Ct. 1779 (1980), in which eight individual trustees of a business trust sued in their own names for breach of contract. The question before the Court was whether the trustees of the business trust could invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders. The Court looked at the role of the trustees and the shareholders with respect to the trust and determined that the trustees were the real parties to the controversy and could "sue in their own right, without regard to the citizenship of the trust beneficiaries." Id., 100 S.Ct. at 1784.

Ten years later, in Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990), the Court examined citizenship in the context of a limited partnership. It rejected arguments to treat the partnership like a corporation or look only to its general partners. The Court followed its "oft-repeated rule" that in a suit involving a non-corporate artificial entity the citizenship of the entity "depends on the citizenship of all the members, the several persons composing such association, each of its members." Id., 110 S.Ct. 1021 (internal citations and quotations omitted). Carden also stated that "Navarro had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." Carden, 110 S.Ct. at 1020.

The Fifth Circuit recently spoke to trust citizenship in a complex case that began when the appellate court noted, *sua sponte*, that there were deficiencies in the pleadings regarding the citizenship of a limited partnership. The case was remanded to the district court with instructions that the limited partnership distinctly and affirmatively allege the citizenship of

its partners through the various layers, as necessary. Mullins v. TestAmerica, Inc., 300 Fed. Appx. 259 (5th Cir. 2008).

On remand, the limited partnership and its co-defendant filed an amended notice of removal and identified its many partners. The amended notice revealed that there were approximately 20 trusts involved in the layers of the partnership that were relevant to citizenship. The filing, available in the district court record, alleged the citizenship of each of the trustees of the several trusts but did not identify by name or citizenship a single beneficiary. Mullins v. TestAmerica, 02-cv-0106, Doc. 565 (M. D. Tex.). The plaintiff in Mullins filed a second amended complaint (Doc. 569) that made similar allegations with respect to the trusts involved. The district court then issued an order (Doc. 568) and made findings regarding the citizenship of the limited partnership. It assigned citizenship to the trusts involved based on the state in which their trustees were domiciled. There was no mention of the potential relevance of beneficiaries, who were not identified or referenced in the district court filings.

The case then returned to the Fifth Circuit. The Court described its remand for clarification of citizenship and summarized the district court's findings made "[a]fter applying the appropriate tests for citizenship to these individuals and entities ...". The Court dropped a footnote at the reference to entities and listed a statute or case for individuals, partnerships, etc., with a parenthetical reference after each citation as to how the citizenship of such a person or entity is determined. Relevant here, the footnote included this simple reference: "Navarro Savs. Ass'n v. Lee, 446 U.S. 458, 464, 100 S.Ct. 1779, 64 L. Ed. 2d 425

(1980) (citizenship of a trust is that of its trustee)". Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 n. 6 (5th Cir. 2009).

The Second, Seventh, and Ninth Circuits have similarly cited Navarro and stated that the citizenship of a trust is based on the citizenship of its trustees. Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir.2006); May Dept. Stores Co. v. Fed. Ins. Co., 305 F.3d 597, 599 (7th Cir.2002); E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 931 (2d Cir.1998). The Third and Tenth Circuits have stated that the problem with such decisions is that they do not address how the Supreme Court's decision in Carden affects the issue, especially since Carden stated that Navarro "had nothing to do with the citizenship of the 'trust.'" Conagra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d 1175 (10th Cir. 2015)[1]; Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007).

The Third Circuit determined that Carden requires the citizenship of all "members" of the trust be examined, and "both the trustee and the beneficiary should control in determining the citizenship of a trust." Emerald Investors Trust, 492 F.3rd at 205. The Tenth Circuit held that the assessment of citizenship of the trust must include the beneficiaries, but it found it unnecessary in the case before it to take a position on whether the citizenship of the trustee would also count. Conagra Foods, Inc., 776 F.3d at 1181-82.

Some district courts within the Fifth Circuit have held that both the trustee and the

---

[1] Americold filed a petition for writ of certiorari on May 15, 2015 and asked the Supreme Court to resolve the split among the lower courts on the issue of trust citizenship. (No. 14-1382)

beneficiaries of a trust must be considered. See, e.g., Berry v. Chrysler Group, LLC, 2013 WL 416218 (S.D. Tex. 2013) and Constantin Land Trust v. Epic Diving and Marine Services, LLC, 2013 WL 1292275 (E. D. La. 2013) (collecting cases on the issue but not deciding it). See also LBR Holdings, LLC v. Poulos, 995 F.Supp. 2d 567 (S.D. W. Va. 2014). The district judge in Berry was unpersuaded that the Fifth Circuit's statement in the Mullins footnote could "bear heavy weight" because the subject-matter jurisdiction analysis was "made in passing, relegated to a footnote in a case raising numerous complex other issues, and was made without the benefit of briefing or argument from the parties in either of two appeals." Berry also noted that Carden's impact on Navarro was never briefed by the parties in Mullins or addressed by the Fifth Circuit. Berry, 2013 WL 416218, *6.

Other district court decisions have cited Mullins and Navarro and, usually without acknowledging any uncertainty about the issue, stated that the citizenship of a trust is that of its trustees. See, e.g., Murchison Capital Partners. L.P. v. Nuance Communications, Inc., 2013 WL 3328694, *3 (N.D. Tex. 2013); Dillard Family Trust v. Chase Home Fin., LLC, 2011 WL 6747416, *3 (N.D. Tex. 2011); and K & D Equity Invs., Inc. v. Cannex Therapeutics, 2009 WL 5173710, *3 (E.D. Tex. 2009). One district court has stated that under Navarro the citizenship of the trustee governs when the trustee is the party in its own name, but when the trust itself is the party Carden provides that the trust's citizenship is that of all its beneficiaries. Rivas v. U.S. Bank Nat. Ass'n, 2015 WL 3613653 (S.D. Tex. 2015). Without mentioning Mullins, Rivas stated that "the Fifth Circuit has not yet ruled on distinction between the two Supreme Court cases." Id. at n. 3.

Another view emerged in France v. Thermo Funding Company, LLC, 989 F.Supp. 2d 287 (S.D. NY 2013), which urged that different tests apply depending on whether the trust at issue is a traditional trust or a business trust. A traditional trust is the form commonly used for gift or estate planning purposes. In Louisiana, for example, a traditional trust is not even a juridical person. U.S. Bank Nat. Ass'n v. Dumas, 144 So.3d 29, 37 (La. App. 1st Cir. 2014), writ denied, 147 So.3d 1119 (La.). Rather, it is a "relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." La. R.S. 9:1731. See also La. Civ. Code art. 549, Revision Comments ("a trust ... is a 'relationship,' not an entity"). The trustee is the person to whom title to the trust property is transferred. La. R.S. 9:1781. The record in this case does not disclose the law under which the trust at issue was formed, but it is said to be a traditional trust.

In contrast, the term trust is sometimes used to refer to a "business trust" or "statutory trust" that is an alternative to the corporate form that is established to run a business enterprise. The beneficiaries in a business trust are often known as shareholders and, in contrast to beneficiaries of a traditional trust, the shareholders have the power to control the trustees in the conduct of the business. A business trust is organized and operates much like a business entity such as a limited partnership, LLC, or corporation. France decided that traditional trusts take the citizenship of the their trustees, which are more akin to "members" of an entity within the meaning of Carden. This idea was also embraced in a student-written law review article: Jonathan J. Ossip, Diversity Jurisdiction and Trusts, 89 N.Y.U. L. Rev. 2301 (2014). The author of the article advocates that traditional trusts should take the

citizenship of their trustees, while business trusts should take the citizenship of their member-beneficiaries. The article reviews each of the methods advocated by various federal courts but faults most of the decisions for generally failing to distinguish between traditional and business trusts.

There are reasonable arguments that Mullins' reliance upon Navarro was misplaced in light of Carden. The undersigned is reluctant, however, to dismiss a fairly clear statement of law by the Fifth Circuit simply because it was not explained in detail and there are reasonable arguments for different approaches. After all, other circuit courts have taken precisely the same approach as Mullins.

The statement in Mullins does not appear to be obiter dictum, which is a judicial comment that is unnecessary to the decision and therefore not precedential. A party in Perez v. Stephens, 784 F.3d 276, 281 (5th Cir. 2015) argued that an earlier statement by the Court was dictum, but the Court found that its earlier evaluation of whether it had appellate jurisdiction in a case was anything but unnecessary. The same is true of the footnote comment in Mullins which attributed to Navarro a rule that the "citizenship of a trust is that of its trustee." The statement was central to the Court's conclusion that it had subject matter jurisdiction, so it is difficult to dismiss it as unnecessary to the decision.

The Fifth Circuit was quite aware of the diversity and subject-matter jurisdiction issue, to the point that it remanded the case to ensure that all necessary facts were in the record. It then summarized the district court's findings regarding citizenship and, after the referenced footnote, said that it "agree[d] with the district court that diversity jurisdiction exists."

Mullins, 564 F.3d at 398. The determination that the various trusts involved shared citizenship with their trustee (with no mention in the record of the identity of any beneficiaries) appears to have been necessary to the finding of subject-matter jurisdiction and cannot be easily dismissed as obiter dictum. The undersigned feels obligated to follow that rule until such time as the Fifth Circuit or Supreme Court announces a different test for determining the citizenship of a trust.

**Conclusion**

This court should find that it has subject-matter jurisdiction based on application of the statement in Mullins that the citizenship of a trust is that of its trustee. This is an issue that has arisen in a number of district courts in this circuit, and the outcome has varied. The undersigned has noticed that trusts are often involved in the ownership layers of unincorporated associations that are parties in this court, particularly in oil and gas transactions. How to properly determine the citizenship of a trust is an issue that will continue to be litigated at great expense to the parties and the resources of the court until such time as the Fifth Circuit or Supreme Court speaks unequivocally to the issue.

The lack of consistency among the district courts gives rise to concerns about forum shopping and that a party may be wrongfully deprived of a federal forum. It also casts a cloud of uncertainty over a case such as this, which will likely be complex and expensive to litigate on the merits, when there is a significant chance that several years and thousands of dollars down the road the appellate court could decide it was all for naught because there was never any subject-matter jurisdiction. It would likely benefit the parties and the court if an

interested party were to move for certification pursuant to 28 U.S.C. § 1292(b) and attempt to have this issue decided by the Fifth Circuit on an interlocutory appeal and remove that cloud of uncertainty over this and many other cases in this circuit.[2]

Accordingly,

**IT IS RECOMMENDED** that this court follow the statement in Mullins that "citizenship of a trust is that of its trustee" and determine that it has subject-matter jurisdiction in this case based on complete diversity of citizenship and more than $75,000 in controversy.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[2] Plaintiff, upon realizing that there was uncertainty about diversity jurisdiction in this case, filed a virtually identical petition in state court.  Defendants removed that case based on an assertion of diversity jurisdiction, so the trust issue will also have to be decided in that civil action. Lake Bistineau Royalty Co v. Chesapeake Louisiana LP, et al, 15-CV-1812. Such exercises by the parties and the court could be avoided by a definitive Fifth Circuit ruling on the trust citizenship issue. The court will delay action on the motion to remand in the removed case until it is known whether the Fifth Circuit will accept certification of the trust citizenship issue in this case.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2015.

Mark L. Hornsby
U.S. Magistrate Judge